IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JULIO CESAR PORTILLO-SOSA

v.  Criminal No. 3:07CR176
    Civil Action No. 3:11CV545

UNITED STATES OF AMERICA

**MEMORANDUM OPINION**

On October 26, 2007, the Court sentenced Julio C. Portillo-Sosa to a 71-month term of imprisonment for illegally re-entering the United States after being convicted of an aggravated felony. By Memorandum Opinion and Order entered on January 8, 2010 the Court denied a motion under 28 U.S.C. § 2255 filed by Portillo-Sosa. On August 16, 2011, the Court received a MOTION UNDER § 1651 FOR MANDAMUS ORDER - RELIEF wherein he once again sought to challenge the above conviction and sentence.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)).

Portillo-Sosa's MOTION UNDER § 1651 FOR MANDAMUS ORDER – RELIEF attacks his conviction and sentence and falls squarely within the ambit of 28 U.S.C. § 2255(a). Thus, the motion is properly construed as an unauthorized, successive 28 U.S.C. § 2255 motion. See United States v. Braddy, 381 F. App'x 309, 310 (4th Cir. 2010). This Court has not received permission from the Fourth Circuit to hear Portillo-Sosa's successive § 2255 motion. Accordingly, the MOTION UNDER § 1651 FOR MANDAMUS ORDER – RELIEF will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability

2

("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Because Portillo-Sosa fails to satisfy this standard, a certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Portillo-Sosa and counsel of record.

Date: May 1, 2012
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge